Stuart Price, (SBN: 150439)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818)907-2030
F: (818)907-2122
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Luz Mariana Cervantes

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luz M. Cervantes,<br><br>           Plaintiff,<br><br>vs.<br><br>The Joint Corp., d/b/a The Joint Chiropractic Management Company; Sahagun Chiropractic Corporation; and Honu Ventures, Inc.,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. THE ELECTRONIC FUNDS TRANSFER ACT, 15 U.S.C. § 1693, et seq.**<br><br>**AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices) |

**COMPLAINT**

1.     Plaintiff, Luz Mariana Cervantes ("Plaintiff"), by and through her attorneys, alleges the following against Defendants, The Joint Corp., d/b/a The Joint Chiropractic Management Company ("The Joint"), Sahagun Chiropractic Corporation ("Sahagun") and Honu Ventures, Inc., ("Honu")(herein collectively known as "Defendants").

//

//

## INTRODUCTION

2.     Plaintiff's Complaint is based upon the violation of the Electronic Funds Transfer Act ("EFTA"), 15 USC §1693 et seq., which protects consumers when they use electronic means to manage their finances.

## JURISDICTION AND VENUE

3.     Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District

4.      Defendant does or transacts business within this District.

5.     Jurisdiction of this court arises pursuant to 15 U.S.C. §1693m(g), which states that such actions may be brought and heard before "any United States district court…within one year from the date of the occurrence of the violation."

## PARTIES

6.     Plaintiff is a natural person residing in Los Angeles County, California.

7.     Plaintiff is a consumer as defined by 15 U.S.C. §1693a(6).

8.     Defendant, The Joint, is a corporation engaged in the business of offering personal services with its principal place of business located in Scottsdale, Arizona.  Defendant can be served with process through C T Corporation System, 818 W 7th Street, Suite 930, Los Angeles, CA 90017.

9.     Defendant, Sahagun, is a corporation engaged in the business of offering personal services with its principal place of business located in Rowland Heights, California. Defendant can be served with process through Kim Sahagun, at 19827 Reedview Dr.,

Rowland Heights, CA 91748.

10. Defendant, Honu, is a corporation engaged in the business of offering personal services with its principal place of business located in Seal Beach, California. Defendant can be served with process through Bauk Van Kieu, at 9241 Valley Blvd., Suite 103, Rosemead, CA 90017.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. On March 6, 2016, Plaintiff entered into a Wellness Plan Agreement ("Agreement") with Defendant The Joint.

13. When she received her contract from The Joint, Plaintiff received a business card that included an address, phone number and email address.

14. The agreement states that Plaintiff elected to pay $69.00 on a monthly basis starting on the effective date of March 6, 2016.

15. On June 29, 2016, Plaintiff emailed The Joint requesting cancellation of the month-to-month agreement and requested that her card not be charged.

16. In addition to Plaintiff's email to The Joint, on or about July 5, 2016, Plaintiff mailed a certified letter to The Joint requesting that the membership be cancelled and that they no longer withdraw money from her account.

17. On July 6, 2016 The Joint deducted $69.00 from Plaintiff's account.

18. The United States Postal Service ("USPS") currier attempted to deliver the certified letter to The Joint on Thursday, July 7, 2016 at 2:18 p.m. USPS currier left notice of the certified letter with The Joint due to "No Authorized Recipient Available", but

COMPLAINT AND DEMAND
FOR JURY TRIAL

1 | Defendant failed to retrieve the letter from the USPS facility.

2 | 19. The USPS currier made a second attempt to deliver the certified letter to The Joint on Saturday, July 22, 2016. The USPS currier left a second notice of the certified letter with The Joint. Again, Defendant failed to retrieve the letter from the USPS facility and the letter was then returned to Plaintiff.

20. On August 6, 2016, Plaintiff noticed The Joint charged her visa credit card the monthly payment of $69.00 after Defendant had been instructed to cancel the agreement.

21. On September 1, 2016 Counsel for Plaintiff emailed "The Joint" at "downey@thejoint.com a copy of a pre-litigation demand letter which notified them of the unauthorized charge and violation of EFTA.

22. Despite Plaintiff having made multiple, timely requests to cancel auto debit, on September 6, 2016, Plaintiff noticed a second transaction processed by the Joint, charging another $69.00 to her visa credit card.

23. All three charges to Plaintiff's visa card violate the EFTA.

24. Charges made on July 6, August 6, 2016 and September 6, 2016, were unauthorized charges as they were made after receiving clear and unequivocal requests to not withdraw funds from her card.

25. Rather than acknowledge their wrong doing, Defendant hired an attorney to deny any wrong doing, claiming that Plaintiff failed to abide by the contract requiring that revocation of the pre-authorized charges be sent to Defendant by certified mail.

26. After being shown that Plaintiff had provided written notice and sent the notice by certified mail, Defendant did not respond.

27. Rather than respond, in or around October 2016, Defendant refunded the August and September unauthorized charges to Plaintiff, but failed to respond to Plaintiff's allegations regarding the EFTA.

28. On or about October 10, 2016 Defendant's Counsel reached out to Plaintiff's Counsel notifying Counsel that she was no longer representing Defendant.

**COUNT I**

**(Violations of the Electronic Fund Transfer Act, 15 USC §1693 et seq.)**

29. Plaintiff incorporates herein by reference to all of the above paragraphs of this complaint as though fully set forth herein at length.

30. Section 907(a) of the EFTA, 15 U.S.C. §1693(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing and a copy of such authorization shall be provided to the consumer when made."

31. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

32. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

33. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

34. Defendants continued to debit Plaintiff's visa card on a recurring basis after receiving notification from Plaintiff revoking any prior authorization, without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

COMPLAINT AND DEMAND FOR JURY TRIAL

1  35. Defendants debited Plaintiff's account on a recurring basis after receiving notification from Plaintiff revoking any prior authorization, without providing to Plaintiffs a copy of a written authorization signed or similarly authenticated by Plaintiffs for preauthorized electronic fund transfers from Plaintiffs' account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Luz Mariana Cervantes, respectfully request judgment be entered against Defendants for the following:

A.  Actual damages in the amount of $69.00 for funds debited from Plaintiff's visa card;

B.  Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

C.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

D.  Attorneys' fees and costs

D.  Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: October 19, 2016.                **PRICE LAW GROUP, APC**

By: <u>Stuart M. Price</u>
Stuart M. Price (SBN 150439)
15760 Ventura Blvd., Suite 800
Encino, CA 91436
T: (818)907-2030
F: (818)907-2122
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Luz Mariana Cervantes

COMPLAINT AND DEMAND FOR JURY TRIAL